WILTON HUNT *vs.* ALFRED M. CARD, and others.

Kennebec.    Opinion December 1, 1900.

*Railroad.    Land Damages.    Bond.    Repeal of Statutes.    R. S., c. 51, § 20.*

1.  The condition of a bond will be construed as far as possible under legal rules to effectuate the purpose for which the bond was given.

2.  Recitals in the condition of a bond are evidence against the obligors of the existence of the matters recited.   Misrecitals, however, will not invalidate the bond.

3.  The validity of official acts recited in the condition of a bond will be presumed, prima facie at least, against the obligors.   The recital of a railroad location is presumed to mean a valid location, or at least one that the parties have agreed to consider valid.

4.  The court will take judicial cognizance as to what railroad company is authorized to make a particular location for a railroad, and a recital of a railroad location will be presumed to mean one by the company authorized to make it.

5.  The provisions of R. S., c. 51, § 20, relative to proceedings for assessment of damages for lands taken for railroads, were intended to secure uniformity of procedure throughout the state, and hence supersede and repeal any different procedure provided in earlier charters.

6.  The recital in the record of the court of county commissioners that notice upon the petition was given as ordered (the order being also a matter of record), and that the party respondent attended the hearing, is prima facie evidence that such notice was given.

7.  The obligors in a bond given to guarantee the payment of such judgment as the obligee should recover against a third party are bound by whatever judgment the third party becomes bound by in the matter, notwithstanding irregularities which might have vitiated the judgment upon appeal or certiorari.

8.  The obligee in a bond to secure the payment to him of the damages which may be awarded to him for his land taken for a railroad, is not bound to prove that the damages have not been paid to the clerk of courts.

ON REPORT.

Action of debt upon a bond executed by the defendants and delivered to the plaintiff, to secure the payment of damages for his land taken by the Wiscasset & Quebec Railroad for the extension of said road from Burnham to Pittsfield. The plea was the general issue, and a brief statement in which the defendants claim that "none of the conditions precedent in said supposed writing obligatory have ever been done or performed by the obligee therein or anyone in his behalf, and the defendants have fully performed all of the conditions of said supposed writing obligatory."

The action was brought in the Superior Court for Kennebec county and reported by the presiding justice to this court.

The case appears in the opinion.

*Chas. F. Johnson,* for plaintiff.

*C. E. and A. S. Littlefield,* for defendants.

Counsel argued:

1. Plaintiff has not shown any legal assessment of damages against anybody. (a) He has not shown any location as a foundation for the assessment of damages. (b) The record of an assessment of damages put in must be sustained, if sustained at all, under a statute, under which the county commissioners had no jurisdiction of this case. It is entirely irregular, void and a nullity under the statute under which they did have jurisdiction; and under any statute it is not sufficient, because the land to which it refers is not definitely described; and it does not appear in the petition that the petitioner was the owner at the time of the taking of the land by the railroad company, a necessary prerequisite to his right to maintain the petition.

2. Because this bond has nothing to do with the Wis. & Queb. R. R., and to show that it has, contradicts the written instrument.

3. If to show that it relates to that railroad is not a contradiction of the terms of the bond, then the plaintiff has not sustained the burden which is upon him to establish that fact.

4. Even if it does refer to that railroad, and damages have been legally assessed against it, this bond is not to answer for the

default of identifying the railroad described in it, and how much land the signers of the bond agree to be responsible for the damages on; and we submit that they might as well be held for any other railroad in the state as for the Wis. & Queb.; that it is only competent to show that it is the Wis. & Queb. railroad if the location of that road had been recorded in the registry of deeds, and it otherwise answered the description of the road on account of which they agreed to be responsible.

Counsel cited: *Bangor* v. *Co. Com.*, 30 Maine, 270; R. S., c. 18, § 3; *Prentiss* v. *Parks*, 65 Maine, 561; *Penobscot R. R. Co.* v. *Weeks*, 52 Maine, 456; *Hayford* v. *Co. Com.*, 78 Maine, 155; *Small* v. *Pennell*, 31 Maine, 270; *Ware* v. *Co. Com.*, 38 Maine, 492; R. S., c. 51, § 19; *Downs* v. *Fuller*, 2 Met. 135; *Bath Bridge & Turnpike Co.* v. *Magoun*, 8 Maine, 292; *Harkness* v. *Waldo Co. Com.*, 26 Maine, 356; *Inhabitants of Windham, Petitioners*, 32 Maine, 452; *Parsonsfield* v. *Lord*, 23 Maine, 511; *Cornville* v. *Co. Com.*, 33 Maine, 238; *White* v. *Riggs*, 27 Maine, 114; *Carpenter* v. *Spencer*, 2 Gray, 408.

SITTING:   WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, FOGLER, JJ.

EMERY, J.   This is an action of debt upon a bond, the execution and delivery of which are not denied.   The condition of the bond is as follows:   "Whereas the United States Construction Company is about to construct a narrow gauge railroad, leading from Burnham to Pittsfield, and crossing the land of Will Hunt, as indicated by the location of said railroad, filed with the register of deeds, in the counties of Waldo and Somerset.   Now if the said United States Construction Company shall well and truly pay to the said Will Hunt any and all land damages and costs of court adjudged by the county commissioners, of Waldo county to be due said Will Hunt by reason of the construction of said railroad across the land of said Will Hunt, as aforesaid, within ninety days of said adjudication of said county commissioners, then this bond shall be void, otherwise to be in full force."

In order to properly determine the validity of the various defenses made to the action, it is advisable to first ascertain the occasion and purpose of the bond, and what has been done under it. From the recitals in the bond and from extraneous facts shown by admissible evidence, the following state of affairs may be assumed, viz: Some railroad company had made a location for a railroad from Burnham to Pittsfield across the land of the plaintiff, and had filed a description of such location with the register of deeds in each of the counties of Somerset and Waldo. The United States Construction Company, named in the bond, desired to construct the railroad over this location where it crossed the plaintiff's land without first paying him his damages, or taking any measures to have his damages appraised, or otherwise to acquire the right to take his land for such purpose. The obligors also desired this course to be taken. The plaintiff was willing the Construction Company should proceed at once with the construction of the railroad, upon receiving security that his proper damages as for a legal taking should be paid within a fixed time afterward. The obligors in this bond undertook to guarantee such payment, for considerations satisfactory to them. No agreement was made as to the amount of the damages, and the obligors guaranteed the payment of such amount as the county commissioners of Waldo county should adjudge to be due for the taking. The bond was evidently given and accepted to effectuate the above-named purposes. It is also evident that, if the condition of the bond should be performed by the obligors and such performance accepted by the plaintiff, the obligee, he would be estopped from questioning the validity of the location, and the authority of the Construction Company to build the road. *Fernald* v. *Palmer*, 83 Maine, 244.

The Construction Company immediately after the delivery of this bond began work on the plaintiff's land and partially, at least, constructed a railroad across it. At the next term of the county commissioners' court, for Waldo county, the plaintiff presented his petition to have appraised his damages for the taking his land for railroad purposes, and recited in this petition that his land had been taken by the Wiscasset and Quebec Railroad Company under

a location recorded in the registry of deeds of Waldo county. The county commissioners ordered notice to the railroad company under R. S., c. 51, § 20. At the time and place named in the notice, Mr. Van Etten, the manager and representative of the Construction Company, appeared before the commissioners and a hearing was had upon the petition. The commissioners adjudicated the plaintiff's damages to be $175, and entered such adjudication of record. The damages thus awarded do not appear to have been paid, and hence this action. The obligors in the bond now make several points in defense.

1. That it does not appear that any railroad was ever legally and effectually located across the plaintiff's land, or that any such location was ever filed in the registry of deeds in Waldo county. The recitals in the bond, however, are sufficient evidence of such location and filing as against the obligors, at least until contradicted.

2. That the plaintiff made the Wiscasset and Quebec Railroad Company, the party respondent to his petition for damages, instead of the United States Construction Company, the party they became sureties for. We take judicial cognizance of the public fact that the only party having any authority to make such location, and take land therefor, was the Wiscasset and Quebec Railroad Company. It is not to be presumed that the obligors, in reciting in their bond the location of the railroad to be built, had in mind an unauthorized, or even an ineffectual, location. On the contrary, it is to be presumed that they assumed and intended to represent to the plaintiff that the location was lawful and effectual. It sufficiently appears, therefore, that the location referred to in the bond was that made by the Wiscasset and Quebec Railroad Company,—and that that company was the proper party respondent in proceedings to procure an adjudication of the damages by the county commissioners. Again, the Construction Company, for which the obligors became sureties, appeared by its manager, Mr. Van Etten, before the commissioners in answer to the petition. This circumstance in itself tends to prove that dam-

ages to be adjudicated in proceedings against the Railroad Company were the damages intended to be guaranteed by the bond.

3. That the petition and notice thereon were under R. S., ch. 51, § 20, instead of under the legislative charter of the railroad company, which provided for a different and longer notice to the company. The charter provision was enacted in 1854. The general statute was enacted in 1871 and re-enacted in the revision of 1883 ch. 51, § 20. It applies in terms to "all cases of petition to the county commissioners of any county praying for the assessment of damages on account of any railroad corporation having taken lands therein." One evident purpose of the general statute was to secure uniformity of procedure over the whole state in all such cases, and therefore the statute, being subsequent, must be held to have repealed the inconsistent provision in the charter of the company. *Starbird* v. *Brown*, 84 Maine, 238.

4. That there is no evidence that the notice ordered was given. The record of the county commissioners recites that notice was given as ordered. At the time and place named in the notice, Mr. Van Etten, the manager of the Construction Company the obligors' principal, attended the hearing. These facts are, at least, prima facie evidence that the notice was given or waived.

5. Sundry alleged insufficiencies in the petition and irregularities in the subsequent proceedings are set up. The obligors, the defendants, admit that these do not invalidate the judgment as against collateral attack by the Wiscasset and Quebec Railroad and were open to that company only upon certiorari or appeal. They claim, however, that they were not parties to that proceeding or judgment,—could not be heard upon certiorari or appeal, and hence are free to attack collaterally. But they did become parties to a written agreement with the plaintiff to guarantee to him the payment of what should be adjudged as due him from the party taking his land, the necessary and only proper party to the proceedings for such adjudication. They must have known, and hence agreed, that the proceedings to ascertain the amount due him should be against the party lawfully taking his land, or the Wis-

casset and Quebec Railroad Company. They, therefore, by implication agreed to be represented by that company in the proceedings and to abide by the judgment against it. They did not stipulate for notice to them, nor for an opportunity to question any thing. They, in effect, agreed that an adjudication valid against the company should be valid against them. They cannot now, after such an adjudication has been obtained, rightfully insist on more. *Judge of Probate* v. *Quimby*, 89 Maine, 574.

6. That there is no evidence that the Construction Company or the Railroad Company did not deposit with the clerk of the courts security for the amount of damages as by law it might do. There was no such provision in the bond. The defendants stipulated that payment should be made to the plaintiff. In any event, it was not for the plaintiff to prove the negative, and there is no suggestion that the security has been deposited.

In fine, the defendants have obtained what they presumably sought for in giving the bond. Their objections to making the agreed payment (those which we have above noticed and any others) seem to us clearly futile.

> *Judgment for the plaintiff for the penal sum*
> *and execution to issue for the whole sum.*