ELIZABETH J. BOZARTH v. EGG HARBOR CITY AND CHARLES SMITH.

Submitted December 4, 1913—Decided February 24, 1914.

1. A *certiorari* to review proceedings whereby land was sold for taxes, which is or may be prosecuted in aid of an ejectment to try the title to the land, may be sued out at any time within three years.

2. The provisions of the charter of Egg Harbor City for the sale of land for taxes are repealed by the General Tax act of 1903, which repeals all inconsistent special legislation.

3. The decided cases as to statutory provisions for repeal of prior legislation have made no distinction between special and local laws.

On *certiorari* of tax sale.

Before Justices SWAYZE and BERGEN.

For the prosecutor, *Wilfred B. Wolcott.*

For Egg Harbor City, *William M. Clevenger* and *Herman L. Hamilton.*

For Charles S. Smith, *Warren L. Jacobus.*

The opinion of the court was delivered by

SWAYZE, J.    The defendant Smith claims title to land under a tax sale. The prosecutor has succeeded to the title of the former owner. The sale was had September 26th, 1910. The present writ was allowed August 17th, 1912. It is suggested that the prosecutor's right to any relief was barred by her delay. We think not. The *certiorari* in this case is or may be prosecuted in aid of an ejectment to try the title to the land. It comes within section 15 of the act relating to sales of land. *Comp. Stat., p.* 4679. The object of this act was to do away with the inconvenience of trying out the validity of tax sales, collaterally in an action of ejectment, which might result adversely to the claim under the tax sale and in the loss to the municipality of taxes justly due. As a substitute for this collateral attack, the legislature provided for a direct attack by *certiorari,* which, by the express language of the statute, might be "at any time." In an early case arising under this act we held that a delay of more than ten years was not fatal to the prosecutor's rights with respect to such objections as would otherwise have been available to him in an action of ejectment. *State, Baxter* v. *Jersey City,* 7 *Vroom* 188. As to the class of objections that were open we said: "'The sale of land for taxes or assessments is the execution of a naked power. Every requirement of the statute imposing the liability, and prescribing the procedure to enforce it, which tends to the security of the owner or is for his benefit, must be strictly conformed to. No intendment will be made in favor of the legality of the proceedings. To support the title, the burden of showing compliance with the law is on the purchasers." This rule was subsequently approved and restated by the Court of Errors and Appeals. *Woodbridge* v.

*State, Allen, prosecutor,* 14 *Id.* 262. The class of defects that would avail the prosecutor was later limited and held not to include such defects as the landowner ought in equity and sound policy to be estopped from setting up. *State, Spear* v. *Perth Amboy,* 9 *Id.* 425. The effect of these rulings was to extend the time within which the *certiorari* might be issued to the period within which ejectment might be brought, *i. e.,* twenty years. In *State, Alden* v. *Newark,* 7 *Id.* 288, at June term, 1873, a sale for taxes made in 1859 was set aside. The rights of a purchaser of part of the land were involved and the case came before the court again at November term, 1877, in an attempt to support the sale by reason of a curative act of the legislature; but the same result was reached as before. *State, Alden* v. *Newark et al.,* 11 *Id.* 92; the judgment was afterward affirmed by the court of last resort. *Citizens' Gaslight Co.* v. *Alden,* 15 *Id.* 648. The long time allowed by these decisions in which to prosecute a writ of *certiorari* proved inconvenient, and in 1884 it was limited to six years. This act, however, was held not to apply to a writ sued out six months after its passage. *Warshung* v. *Hunt,* 18 *Id.* 256; *affirmed,* 19 *Id.* 613. Subsequently, the time was limited to three years by section 14 of the *Certiorari* act. *Comp. Stat., p.* 407. The writ in the present case was allowed within three years after the sale. The objections relied on are fundamental, going to the validity of the entire proceeding for the sale. That proceeding was under the supplements to the charter of Egg Harbor City (*Pamph. L.* 1869, *p.* 982; *Pamph. L.* 1872, *p.* 846), and differed from the procedure established by the General Tax act of 1903, in the most important particulars. It is conceded to have been wrong if the act of 1903 repealed the inconsistent provisions in prior special laws. Section 66 of the act of 1903 enacts that all acts general and special inconsistent with the provisions of the act are thereby repealed. The only question is whether the charter of Egg Harbor City is a special act. The defendant argued that it is a local act, and as such distinct from special acts, and not included within those words of the General Tax act. We cannot accede to this contention. If we look at the statute books, we find that the

supplement of 1872, under which the sale was had, is classified as one of the "special public and private laws." If we look at the decided cases we find that the courts have made no distinction between special and local laws. Thus, in a taxation case, the act in question was called indifferently "special and local" and "special" in the same paragraph. *New Brunswick* v. *Williams,* 15 *Vroom* 165 (at bottom of *p.* 167). So, in *Warshung* v. *Hunt,* 18 *Id.* 256 (at *p.* 257), a case involving a sale of land for taxes, the charter of Rahway was called a special and local law. In *Brown* v. *Mullica Township,* 19 *Id.* 417, a tax law relating to Mullica township was in question, and Mr. Justice Magie, speaking for this court, treated it as a special law and said that if the general law expressly repeals the special laws, or shows by implication a manifest intent to supersede their provisions, the latter must yield; the special act was held to have been repealed. In *Acquackanonk Water Co.* v. *Passaic,* 36 *Id.* 476, speaking through Mr. Justice Dixon, we treated the charter of Passaic as a special and local law. In *Smith* v. *Hightstown,* 42 *Id.* 536 (at *p.* 538), the language of the General Borough act repealing acts "general or special" inconsistent therewith was before the court, and was held to indicate a legislative intent to repeal "local" regulations, and therefore to supersede the charter of Hightstown. These illustrations suffice, and it is unnecessary to consider the effect of a general law like the Tax act of 1903, in the absence of an express repealer. The effect of the express repeal is not done away with by the fact that Egg Harbor City has not a tax collector within the meaning of the General Tax act; it does not follow that the legislature meant to leave Egg Harbor City to be governed by its own peculiar law; it is quite as likely an inference that the legislature meant to authorize sales only in municipalities having a tax collector. The truth is that neither inference is permissible. Every municipality must have some officer who collects taxes, and the legislature was looking to the duties performed, not to the name by which the officer happened to be called. We see no difficulty in holding that the city treasurer of Egg Harbor City is the tax collector.

The declaration of sale is set aside.