HULDA C. TIBBETTS

*vs.*

NATHAN COOMBS AND H. L. DAY, SON & COMPANY, Trustee.

Penobscot.   Opinion March 1, 1916.

*Construction of Chapter 75, Public Laws of 1911.   Service of writs in Municipal Courts.   Repeal of special act by later general act.*

1.  The provision in the charter of the Bangor municipal court that writs may be made returnable "at one of the five terms next begun and held after the commencement of the action" was impliedly repealed by the later statute, Public Laws of 1911, chapter 75, which provides that "writs in civil actions before any municipal or police court may be made returnable at any term thereof to be held not less than seven and not more than sixty-five days from their date." The latter statute controls.
2.  A writ made returnable to the Bangor municipal court at a term to be held more than sixty-five days from its date was properly dismissed for that reason.

Action of assumpsit brought before Bangor municipal court; writ dated June 11, 1915, returnable at a term of said municipal court holden on the first Monday of September following; said first Monday being the sixth day of said month. At return term defendants appeared specially and filed motion to dismiss said action, by reason of it being made returnable to a term of court more than sixty-five days from the date of said writ. Motion of defendant allowed. Plaintiff filed exceptions. By rule of Bangor municipal court, chapter 211, section 6, Private and Special Laws of 1895, case certified to Chief Justice.

Case stated in opinion.

*A. L. Thayer and George E. Thompson,* for plaintiff.

*Terence B. Towle,* for defendants.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, KING, BIRD, HALEY, HANSON, PHILBROOK, JJ.

SAVAGE, C. J. This cause comes before this court from the Bangor municipal court, under the provisions of the charter of that court. P. & S. Laws of 1895, ch. 211, sect. 6, on exceptions to an order of dismissal.

The writ was dated June 11 1915, and was made returnable on the first Monday of the following September. The charter of the Bangor municipal court. as amended, provides that terms for the transaction of civil business shall be held on the first and third Mondays of each month, except the month of August, P. & S. Laws of 1895, ch. 211, sect. 10, and that writs may be made returnable "at one of the five terms next begun and held after the commencement of the action." Section 9. By chapter 75 of the Public Laws of 1911 it is provided that "writs in civil actions before any municipal or police court may be made returnable at any term thereof to be held not less than seven nor more than sixty-five days from their date." The writ in this case was made returnable to one of the five terms next begun and held after the commencement of the action, as provided in the amended charter, but not until after the sixty-five days limited in the Laws of 1911 had elapsed. The question therefore is, which statutory provision controls? Is, or is not, the charter provision impliedly repealed by the later general law?

We think the general law was intended to control. We think the legislature intended to secure uniformity with regard to return of writs in municipal and police courts. The general statute, by its terms, is made applicable to "any" municipal court. There is no distinction or exception. The case of *Starbird* v. *Brown,* 84 Maine, 238, is decisive of this question. The action was properly dismissed.

*Exceptions overruled.*