FRANK A. CHASE *vs.* SAMUEL SCOLNIK.

Androscoggin.    Opinion October 24, 1917.

*Meaning of clause "exclusive original jurisdiction." Rule as to general Acts*
*of legislation overruling and repealing provisions of Charters*
*granted to Municipal corporations.*

The jurisdiction of the Lewiston Municipal Court under Private and Special Laws, 1871, Chap. 636, as amended by Private and Special Laws, 1874, Chap. 626, and Private and Special Laws, 1887, Chap. 88, was as follows: "Said Municipal Court shall have exclusive jurisdiction in all civil actions in which the debt or damages demanded do not exceed twenty dollars . . . . and shall have original concurrent jurisdiction with the Supreme Judicial Court in all civil actions where the debt or damages demanded, exclusive of costs, do not exceed three hundred dollars," etc.

The act creating a Superior Court for Androscoggin County, Public Laws of 1917, Chap. 260, provided that "Within said County, said Superior Court shall have exclusive jurisdiction of civil appeals from municipal and police courts and trial justices, . . . . . and all other civil actions at law not exclusively cognizable by municipal and police courts and trial justices where the damages demanded do not exceed five hundred dollars" etc.

In an action of assumpsit returnable in the Lewiston Municipal Court after the Superior Court act had taken effect in which the ad damnum was fifty dollars, it is

*Held:*

1. That the action not being exclusively cognizable by the Lewiston Municipal Court because the ad damnum exceeded twenty dollars became solely cognizable by the Superior Court.

2. That the two acts in so far as they apply to the jurisdiction over cases where the ad damnum exceeds twenty dollars and the specific demand in the writ does not exceed three hundred dollars are repugnant to each other and cannot stand together.

3. That the earlier statute must be regarded as amended by the later so as to become conformable thereto, and all those actions over which the Lewiston Municipal Court had previously taken concurrent jurisdiction with the Supreme Judicial Court, that is between twenty dollars and three hundred dollars, fell into the exclusive jurisdiction of the newly established Superior Court and the concurrent jurisdiction of the Municipal Court ceased.

4. That the defendants motion to dismiss for want or jurisdiction was well taken.

Action of assumpsit on account annexed, returnable at regular civil term of the Lewiston Municipal Court, said term of court being subsequent to the enactment of a law creating a Superior Court for said County of Androscoggin. The ad damnum in the writ was fifty dollars, and defendant duly filed motion to dismiss the action on the ground of jurisdiction, setting forth that the Superior Court had exclusive jurisdiction where the amount demanded was more than twenty dollars. Defendant's motion to dismiss was overruled and exceptions were duly filed and certified to the Chief Justice, as provided by the act creating said Municipal Court. Exceptions sustained.

Case stated in opinion.

*Louis J. Brann,* for plaintiff.

*Benjamin L. Berman,* for defendant.

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, HALEY, HANSON, JJ.

CORNISH, C. J.    This action of assumpsit was begun on August 2, 1917, and made returnable on the first Tuesday of September, 1917, in the Municipal Court for the City of Lewiston. The amount claimed in the account annexed is $22.75 and the ad damnum is fifty dollars. The defendant seasonably filed a motion to dismiss on the ground that the Municipal Court had no jurisdiction of the cause, the defendant claiming that the Superior Court for Androscoggin County created by the Legislature of 1917 is exclusively cognizable thereof. This motion was overruled by the court and the defendant's exceptions to this ruling were certified at once to the Chief Justice as provided by the act creating the court.

The jurisdiction of the Lewiston Municipal Court in civil matters as provided in the act creating the court, Private and Special Laws of 1871, Chap. 636, and as amended by Private and Special Laws of 1874, Chap. 626, and of 1887, Chap. 88, was as follows; "Said municipal court shall have exclusive jurisdiction in all civil actions in which the debt or damages demanded do not exceed twenty dollars, and both parties, or one of the parties and a person summoned as trustee, reside in the city of Lewiston,  . . . .  and shall also have original concurrent jurisdiction with the Supreme Judicial Court in all civil actions where the debt or damages demanded, exclusive of costs, do not exceed three hundred dollars, and the defendant resides in the County of Androscoggin."

Under these provisions the exclusive original jurisdiction of the Municipal Court in civil actions was limited to an ad damnum of twenty dollars. It also had concurrent jurisdiction with the Supreme Judicial Court where the specific demand set forth in the writ, exclusive of costs, did not exceed three hundred dollars. This difference in language limiting the amount is explained in *National Pub. Soc.* v. *Raye,* 115 Maine, 147.

This was the situation when the Superior Court was created by Chap. 260 of the Public Laws of 1917. Sec. 3 of that act, so far as material to the point under consideration, is as follows: "Within said County, said Superior Court shall have exclusive jurisdiction of civil appeals from municipal and police courts and trial justices, exclusive original jurisdiction of actions of scire facias on judgments and recognizances not exceeding five hundred dollars; of bastardy trials, and all other civil actions at law not exclusively cognizable by municipal and police courts and trial justices where the damages demanded do not exceed five hundred dollars, . . . . and concurrent original jurisdiction . . . . of all other civil actions at law where the damages exceed five hundred dollars" etc.

The particular clause under consideration here is "Exclusive original jurisdiction of . . . . all other actions at law not exclusively cognizable by municipal and police courts and trial justices where the damages demanded do not exceed five hundred dollars."

The interpretation of this section admits of no doubt. The language is unambiguous. The Superior Court is given exclusive jurisdiction up to an ad damnum of $500 of all actions which are not within the exclusive jurisdiction of municipal and Police Courts and Trial Justices. The Lewiston Municipal Court had exclusive jurisdiction in civil actions only up to twenty dollars. Therefore when the act creating the Superior Court took effect, on July 7, 1917, all those actions over which the Lewiston Municipal Court had previously taken concurrent jurisdiction with the Supreme Judicial Court, that is between twenty dollars and three hundred dollars, fell at once into the exclusive jurisdiction of the newly established Superior Court and the concurrent jurisdiction of the Municipal Court ceased. There is no escape from this conclusion. It is expressly stated in unmistakable terms.

When the Superior Court act was passed it worked an amendment of the Municipal Court act ipso facto. The two acts in so far as they

apply to the jurisdiction over cases where the ad damnum exceeds twenty dollars and the specific demand set forth in the writ does not exceed three hundred dollars, are antagonistic. They are so repugnant that they cannot stand together. Therefore the old statute must be regarded as amended by the new so as to become conformable thereto. *Starbird* v. *Brown*, 84 Maine, 238; *Jumper* v. *Moore*, 110 Maine, 159.

The plaintiff invokes the rule that general acts are held not to repeal the provisions of charters granted to municipal corporations, though conflicting with the general provisions, unless the words of the general statute are so strong and imperative as to render it manifest that the intention of the legislature cannot otherwise be satisfied, citing *State* v. *Cleland*, 68 Maine, 258, and *Bass* v. *Bangor*, 111 Maine, 390. The words of the Superior Court act, even if considered to be a general law, are so strong and imperative that they meet the requirements of this rigid rule. But, the Superior Court act, although printed in the general laws is, in essence, a local act and applies to Androscoggin County alone, the same County in which the Lewiston Municipal Court has jurisdiction. Both courts are virtually local, the Superior Court having the broader jurisdiction. Hence the rule as to general laws amending or repealing by implication the charters of a single municipal corporation is hardly applicable. But as was said by this court in *Starbird* v. *Brown*, 84 Maine, 238, where the application of that rule was contended for by counsel and *State* v. *Cleland* was relied upon as supporting that position: "There is this marked difference between that case and this. In that, the question was whether a general act should have general or only partial application. In this, the question is whether a general act shall have any application or not." The same comment is pertinent in the pending case.

The plaintiff further contends that the legislature could never have actually intended to take away from the Municipal Courts in Androscoggin County so much of their then existing jurisdiction. But we must be governed by their intention as expressed in the legislative act. We cannot distort the language of the act from its plain and unambiguous meaning.

In order to make assurance doubly sure section 7 of the Superior Court act further provides: "All acts and parts of acts relating to Courts and judicial proceedings shall be modified so far as to give

full effect to this act, and all acts and parts of acts inconsistent with this act are hereby repealed." This was the last word of the legislature on the subject and must govern. It is almost a repeal, not by implication merely but in express terms.

Our conclusion is that the Municipal Court has no jurisdiction of the pending suit and that the defendant's motion to dismiss was well taken.

*Exceptions sustained.*