STATE OF MAINE *vs.* WILLIAM CAREY.

Penobscot.      Opinion, September 9, 1938.

*John T. Quinn,* County Attorney, for State.
*Albert G. Averill,*
*Artemus Weatherbee,* for defendant.

48

STURGIS, J.    The respondent in this case was tried and found
guilty by a trial justice of Orono in the County of Penobscot on a
complaint and warrant charging that on October 27, 1937, at
Alton in that county he unlawfully offered for sale a deer in viola-
tion of Section 95, Chapter 38, R. S., as re-enacted in Chapter 60,
P. L. 1937. On appeal to the Superior Court, his counsel raised the
issue of the jurisdiction of the trial justice and the presiding Jus-
tice certified the case to the Law Court on an agreed statement of
facts.

In a special Act appearing as Chapter 177 of the Private and
Special Laws of 1887, a municipal court was established in and for
the towns of Old Town, Milford, Bradley, Alton, Argyle, Green-
bush and Greenfield in the County of Penobscot, to be called the
Old Town Municipal Court, with original and exclusive jurisdiction
over all criminal offenses and misdemeanors committed in either of
said towns which were by law within the jurisdiction of trial jus-
tices, and subject to certain exceptions which are not here material,
such magistrates were expressly restricted from exercising any
criminal jurisdiction in these towns.

A few years later, the legislature, in Chapter 95 of the Public
Laws of 1891, incorporated by way of amendment in the then exist-
ing Game Statute appearing as Chapter 30 of the Revised Statutes
of 1883, the following section:

"Sect. 16. Any officer authorized to enforce the fish and
game laws may, without process, arrest any violator of any of
said laws; and he shall with reasonable diligence, cause him to
be taken before any neighboring trial justice in any county,
for a warrant and trial; . . ."

In 1899, the laws pertaining to game and to inland fisheries,
which up to that time had been kept separate and distinct and re-
corded respectively in Chapters 30 and 40 of the Revised Statutes
of 1883 and Acts amendatory and additional thereto, were consoli-
dated and revised and a single and complete code of law pertaining
both to inland fisheries and to game was enacted in Chapter 42 of

the Public Laws of 1899 and as an amendment to Chapter 30 of the Revised Statutes of 1883. Except as fishing and hunting were prohibited in certain localities for certain periods of the year and closed time thereon established accordingly, the application of the consolidated law was made uniform and controlling throughout the state. As to its enforcement, the following provisions were enacted:

"Section 51. Any officer authorized to enforce the inland fish and game laws may, without process, arrest any violator of any of said laws, and shall with reasonable diligence, cause him to be taken before any trial justice or any municipal or police court, in the county where the offense was committed or in any adjoining county, for a warrant and trial. . . .

"Section 52. In all prosecutions under this chapter and the amendments and additions thereto, municipal and police judges and trial justices within their counties have, by complaint, original and concurrent jurisdiction with the supreme judicial and superior courts."

And as Section 2 of the amending Act, it was provided that:

"All acts and parts of acts, whether so called public, or private and special, which are inconsistent with the provisions of this act . . . are hereby repealed."

We think there can be no real doubt as to the intention of the legislature when this law was passed. It was then, as now, common knowledge that violations of the fish and game laws often take place in remote parts of the state where no trial justices or municipal courts are located, and the taking of the violator before any particular magistrate or inferior court might be attended by great expense, long travel and much delay. It seems certain that it was the purpose of the law-makers in enacting the jurisdictional provisions of this Act of 1899 to establish a rule or system of procedure applicable to prosecutions for violations of the fish and game laws which obviated these difficulties and at the same time established and ensured uniformity throughout the state in the enforcement of the law. As to jurisdiction over violations of any of its provisions, the Act of 1899 included no exceptions in favor of the Old Town Muni-

cipal Court or any other inferior court or magistrate and was repugnant to any and all grants of exclusive jurisdiction over such offenses given prior thereto. Under the settled rules of construction, there is ground for holding that the general law appearing in Chapter 42, P. L. 1899, by implication repealed the provisions of the charter of the Old Town Municipal Court, which gave that tribunal exclusive jurisdiction over violations of the fish and game laws. *Starbird* v. *Brown*, 84 Me., 238, 24 A., 824; *Hunt* v. *Card*, 94 Me., 390, 47 A., 921; *Tibbetts* v. *Coombs*, 114 Me., 441, 96 A., 741; *Chase* v. *Scolnik*, 116 Me., 374, 102 A., 74. See 59 Corpus Juris 934 and cases cited. The repeal does not rest, however, on implication alone. By the provisions of this general law, all Acts and parts of Acts "whether so called public, or private and special" which were inconsistent were repealed. No reason is found for exempting from this all-inclusive repealing clause the inconsistent jurisdictional provisions contained in the special Act of 1887 establishing the Old Town Municipal Court. *Louisville Water Co.* v. *Clark*, 143 U. S., 1, 12 S. Ct., 346; *Tucker* v. *McLendon*, 210 Ala., 562, 98 So., 797; *Bozarth* v. *Egg Harbor*, 85 N. J. L., 412, 89 A., 920; *New Brunswick* v. *Williamson*, 44 N. J. L., 165; Sutherland Stat. Const., Vol. 1, Sec. 276.

Persons interested in the Old Town Municipal Court did not allow this situation to long continue. In 1903, an amendment to the original Act establishing this court was obtained from the legislature and exclusive jurisdiction over all criminal offenses and misdemeanors within the jurisdiction of trial justices, within the towns originally enumerated, was restored to that tribunal. Private and Special Laws, 1903, Chap. 153. Violations of the fish and game laws were not excepted from this provision. Why, we do not know. In view of the general law, the uniformity and extent of its application, and its obvious and recognized purpose, it is not inconceivable that the failure to except violations of the fish and game law from the exclusive jurisdiction of the Old Town Municipal Court was due to inadvertence and oversight. Under settled rules of statutory construction, however, the presumption is to the contrary, and, regardless of conjecture as to the reasons therefor, it must be presumed that the amendment to the charter of the Old Town Municipal Court was given a passage with full knowledge of

the existence of the provisions in the general law relating to prosecutions in criminal cases involving the fish and game laws. Endlich Int. of Statutes, Sec. 182, Note 1.

This suspension of the application of the general uniform law relative to prosecutions for violations of the fish and game laws was, however, short-lived and has no parallel in recorded legislation. In Secs. 54, 55, Chap. 32, R. S. 1903, a general revision of the statutes subsequent to but made in the same year that the amendment to the charter of the Old Town Municipal Court was passed, the provisions of Chap. 42, P. L. 1899 were re-enacted and again officers were authorized to take violators of fish and game laws before any trial justice or any municipal or police court in the county where the offense was committed, or in any adjoining county, for a warrant and trial, and such magistrates were given concurrent jurisdiction with the upper courts over such prosecutions. In 1913, in a special revision of the fish and game laws appearing as Chap. 206, P. L. 1913, the same provisions as to jurisdiction of magistrates over offenses against such laws were included, and all inconsistent acts and parts thereof, either public or private and special, were again repealed. This act was carried forward into the next revision of statutes as Secs. 84, 85, Chap. 33, R. S. 1916. And still again, in Chap. 219, P. L. 1917, jurisdiction over violations of the fish and game laws was again vested as before and generally in trial justices, police and municipal courts, and inconsistent private and special acts, as well as public laws, repealed. The same rule was restated in Chap. 331, P. L. 1929. And it appears without modification in Secs. 100, 101, Chap. 38, R. S. 1930, now in force.

As this review of the entire body of legislation bearing on the question of jurisdiction raised in this case discloses, the legislative abandonment in the amendment to the charter of the Old Town Municipal Court (P. & S. L. 1903, Chap. 153) of its general rule of procedure pertaining to prosecutions of violators of the Inland Fisheries and Game Law was temporary only and soon followed by repeated and continued re-enactments of the general rule. As repeatedly, inconsistent acts and parts thereof, private and special as well as public, were expressly repealed. The repugnancy between the jurisdictional provisions of that charter and those of the

52

Inland Fisheries and Game Law continued and an intention that the uniform rule or system of procedure in respect to prosecutions for violations of that law established in the general law should govern in such cases has been clearly manifested in all the latest legislative declarations. We are of opinion that the amended charter of the Old Town Municipal Court (P. & S. L. 1903, Chap. 153) has been as effectually repealed *pro tanto* by general laws enacted subsequent thereto as was the original act establishing that court (P. & S. L. 1887, Chap. 177) by the general laws which immediately followed it (P. L. 1891, Chap. 95 ; P. L. 1899, Chap. 42). The authorities cited in our consideration of the first repeal are fully applicable to that which came later and need not be restated.

It appearing, therefore, that any trial justice or municipal or police court in Penobscot County or in any adjoining county has jurisdiction over the offense which the respondent is charged with having committed in the Town of Alton, in accordance with the stipulations upon which this report is founded, the case is remanded to the Superior Court for the entry of judgment for the State and the imposition of sentence.

*So ordered.*